## Oberdorfer, Appellant, *v.* Phila. & Reading R. R. Co.

*Negligence—Railroad crossing—Interference by flagman.*

Where one walking on a public highway attempts to cross the tracks of a railroad in front of an approaching train and the flagman at the crossing takes hold of him, after warning him to stop, but he breaks away and jumps in front of the train and is killed, the questions whether the accident was the result of the action of the flagman and whether the flagman's action was justified, under the circumstances, will not be submitted to the jury.

Argued April 5, 1892.    Appeal, No. 221, Jan. T., 1892, by plaintiff, Regina Oberdorfer, from judgment of C. P. No. 2, Phila. Co., March T., 1891, No. 1011, compulsory nonsuit. Before PAXSON, C. J., STERRETT, WILLIAMS, McCOLLUM and HEYDRICK, JJ.

Trespass for damages for death of plaintiff's husband by alleged negligence of defendant's flagman.

The evidence on the trial before FELL, J., was to the following effect: The tracks of the defendant cross Tenth street, Philadelphia, diagonally, just above Diamond street. Leopold Oberdorfer, the plaintiff's husband, about half past eight o'clock in the evening of March 11, 1891, came down Tenth street on the sidewalk. A gate across the driveway was down and de-

fendant's flagman, with a lantern in his hand, was standing on the south-bound track while a train of empty cars crossed on the north-bound track. When this train had passed, the flagman saw a train coming toward him on the south-bound track and stepped on to the north-bound track. Between this latter track and the gate was a siding. When the flagman stepped on to the north-bound track, Leopold Oberdorfer had about reached the gate. The flagman called to him to stop; and then, as he did not stop, caught hold of him by the lapel of his coat; but he broke away and jumped in front of the engine and was killed. When the flagman caught hold of him, Oberdorfer was at least twelve feet from the south-bound track. The flagman's instructions were to put the gates down when trains were in sight and not to allow anybody to go across the tracks. The court entered a nonsuit and refused to take it off.

*Errors assigned* were, (1) entry of nonsuit; (2) ruling that plaintiff's evidence was insufficient; (3) refusal to take off nonsuit.

*George P. Rich,* with him *Mayer Sulzberger,* for appellant.— The questions, (1) was the decedent's death the direct result of the assault upon him; and (2) was the flagman justified, under the circumstances, in making the assault; should have been submitted to the jury.

*Gavin W. Hart,* not heard, for appellee.

PER CURIAM, eo die :—Judgment affirmed.